[PUBLISH]

# IN THE UNITED STATES COURT OF APPEALS

# FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 18, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-11190

_____

D.C. Docket No. 03-01347-CV-JSM-TGW

OBA CHANDLER,

                                        Petitioner-Appellant,

                    versus

JAMES MCDONOUGH,
CHARLIE CRIST,

                                        Respondents-Appellees.

_____

On Appeal from the United States District Court
for the Middle District of Florida

_____

(December 18, 2006)

Before ANDERSON, CARNES, and BARKETT, Circuit Judges.

PER CURIAM:

    Oba Chandler was convicted of capital murder and sentenced to death in the

State of Florida on November 4, 1994. After his conviction and sentence were

affirmed on direct appeal, Chandler v. State, 702 So. 2d 186 (Fla. 1997), state

collateral relief was also denied and that denial was affirmed, <u>Chandler v. State</u>, 848 So. 2d 1031 (Fla. 2003). Chandler then filed a 28 U.S.C. § 2254 petition in the United States District Court for the Middle District of Florida. That petition was denied, <u>Chandler v. Crosby</u>, 454 F. Supp. 2d 1137 (M.D. Fla. 2006), and Chandler has appealed that denial.

The only issue on which Chandler was granted a certificate of appealability involves his claim that his trial counsel rendered ineffective assistance by failing to move a second time for a change of venue. The facts and procedural history relating to this claim are set out in the district court's opinion. <u>Id.</u> at 1151 – 55. To the extent Chandler contends that, given the evidence that was before the state courts, their decision regarding this claim was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or that it "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2), we reject that contention for the reasons set out in the district court's thorough treatment of the subject. <u>Chandler</u>, 454 F. Supp. 2d at 1156 – 67. We add to that treatment only these additional thoughts. First, the fact that any non-ineffective assistance claim relating to change of venue and pretrial publicity may be procedurally barred does not, in turn, bar

2

consideration of the claim that counsel was ineffective for failing to pursue that claim at trial and on appeal. Those are two different claims. We have the ineffective assistance claim before us now, and it is not procedurally barred.

Second, since the district court denied the petition in this case, we have issued our en banc decision in United States v. Campa, 459 F.3d 1121 (11th Cir. 2006) (en banc). The Campa decision underscores the fact that the burden a defendant bears when attempting to establish presumed prejudice is "an extremely heavy one," and reiterates that "[t]he presumed prejudice principle is rarely applicable and is reserved for an extreme situation." Id. at 1143 (internal marks and citations omitted). Those principles make it difficult for a petitioner claiming his counsel was ineffective for failing to move for a change of venue to establish the requisite prejudice, which necessitates a showing that, at a minimum, "there is a reasonable probability that the trial court would have, or at least should have, granted a motion for change of venue if [petitioner's] counsel had presented such a motion to the court," Meeks v. Moore, 216 F.3d 951, 961 (11th Cir. 2000). As the district court concluded, "Chandler has not even come close to the sort of evidentiary showing necessary to establish that his defense was prejudiced by [trial counsel's] failure to file a second change of venue motion." Chandler, 454 F. Supp. 2d at 1166.

We turn now to Chandler's contention that the district court erred by not granting him an evidentiary hearing at which he could present evidence on this claim. He was given an evidentiary hearing on the claim in state court to the extent that trial counsel and petitioner himself testified about this claim and their pretrial reasoning and strategy concerning it. See id. at 1163 (recounting some of their testimony); Chandler, 848 So. 2d at 1037. Chandler also proffered in the state collateral proceeding a 195-page report in two parts by his expert on the issue, media consultant Paul Wilson. That report not only contained Wilson's opinions but also detailed descriptions of the media coverage, including excerpts from a large number of the stories about the case that were printed or broadcast. Chandler, 454 F. Supp. 2d at 1157 – 62.

The state courts accepted as true the factual content of the Wilson report and its attachments, insofar as they described the media coverage of the case. See Chandler, 848 So. 2d at 1038 n.8 (noting that supplemental record contains the Wilson report "regarding the extent and nature of pretrial publicity" and "we must accept the factual allegations made by the defendant to the extent that they are not refuted by the record"); State v. Chandler, No. CRC92–17438CFANO (Fla. Cir. Ct. June 28, 2001) (state trial court order denying collateral relief) ("[T]he defendant was permitted to supplement the record with the publicity he believed

4

existed in Orange County."). So did the district court, which discussed the report's contents in considerable detail. Chandler, 454 F. Supp. 2d at 1157 – 62.

Because Chandler cannot show that "the facts underlying his claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense," he cannot fit within the exceptions to § 2254(e)(2). As a result, that provision bars his contention that the district court should have conducted an evidentiary hearing, if we find that he "failed to develop the factual basis of a claim in State court proceedings." 28 U.S.C. § 2254(e)(2); see Holland v. Jackson, 542 U.S. 934, 652 – 53, 124 S. Ct. 2736, 2738 (2004) ("Under the habeas statute, [the petitioner's] statement could have been the subject of an evidentiary hearing by the District Court, but only if respondent was not at fault in failing to develop that evidence in state court, or (if he was at fault) if the conditions prescribed by § 2254(e)(2) were met."); Williams v. Taylor, 529 U.S. 420, 120 S. Ct. 1479 (2000). To the extent that there is any factual basis for his claim other than that covered in the Wilson report, Chandler did fail to exercise due diligence in developing it. In the state courts Chandler never pointed to any other evidence that he would attempt to introduce if given the chance. He never specified what additional evidence he might have.

5

There is another reason why the district court did not err in failing to conduct an evidentiary hearing on this claim. Except for the Wilson report, the factual aspects of which the state courts and the district court took as true for purposes of this claim, Chandler made no proffer to the district court of any evidence that he would seek to introduce at a hearing. The failure to proffer any additional evidence defeats Wilson's argument that he was entitled to an additional evidentiary hearing in federal court. See Drew v. Dept. of Corrections, 297 F.3d 1278, 1293 (11th Cir. 2002) (referring to "our clear precedent establishing that such allegations are not enough to warrant an evidentiary hearing in the absence of any specific factual proffer or evidentiary support"); Hill v. Moore, 175 F.3d 915, 922 (11th Cir. 1999) ("To be entitled to an evidentiary hearing on this matter [an ineffective assistance of counsel claim], petitioner must proffer evidence that, if true, would entitle him to relief."); see also Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991) ("A petitioner is not entitled to an evidentiary hearing, however, when his claims are merely conclusory allegations unsupported by specifics." (internal marks and citation omitted)).

For these reasons, we affirm the district court's denial of Chandler's petition for a writ of habeas corpus.

AFFIRMED.