[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 2, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-13994
Non-Argument Calendar

_____

D. C. Docket No. 05-01368-CV-ORL-22-JGG

DANNY KEITH BROWN,

Petitioner-Appellant,

versus

FLORIDA ATTORNEY GENERAL,
SECRETARY FOR THE DEPARTMENT OF CORRECTIONS,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(May 2, 2007)**

Before TJOFLAT, BARKETT  and HULL , Circuit Judges.

PER CURIAM:

Danny Keith Brown, a Florida prisoner serving a 25-year sentence for solicitation to commit first-degree murder, filed the present pro se federal habeas corpus petition pursuant to 28 U.S.C. § 2254. Because Brown filed his petition after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996), the provisions of that act govern the present appeal. We granted Brown a certificate of appealability only as to the issue of whether he received ineffective assistance of trial counsel as a result of counsel's failure to fully advise him about the nature of the charges against him as well as any potential defenses that may have been raised and, if so, whether counsel's ineffectiveness rendered his plea involuntary and unknowing.

On appeal, Brown argues that because the Florida post-conviction court did not adjudicate the merits of his ineffective assistance of counsel claim or his assertion that defense counsel never advised him of the nature of the charges or his potential defenses,[1] the provisions of § 2254(d) cannot be applied, and his claim must be reviewed de novo. Brown also argues that he is entitled to have his petition remanded to district court and to an evidentiary hearing on this claim.

## I.

We review de novo a district court's grant or denial of habeas corpus

---

[1] This point is refuted by the record, as noted infra.

petition under 28 U.S.C. § 2254. <u>Sims v. Singletary</u>, 155 F. 3d 1297, 1304 (11th Cir. 1998). Federal courts are forbidden from granting habeas relief on claims that were previously adjudicated in state court, unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

To be "contrary to" clearly established federal law, the state court must either (1) apply a rule "that contradicts the governing rule set forth by Supreme Court case law," or (2) reach a different result from the Supreme Court "when faced with materially indistinguishable facts." <u>Putnam v. Head</u>, 268 F.3d 1223, 1241 (11th Cir. 2003). And, for a writ to issue because the state court made an "unreasonable determination of the facts," the petitioner must rebut "the presumption of correctness [of a state court's factual findings] by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

As to the state court's findings of fact, federal courts determine whether the state court's finding was based on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C.

3

§ 2254(d)(2). Contrary to Brown's claim that his assertions should have been accepted as true, a state court's determinations of fact are "presumed to be correct," and the habeas petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). However, the statutory presumption of correctness applies only to findings of fact made by the state court, not to mixed determinations of law and fact. McBride v. Sharpe, 25 F.3d 962, 971 (11th Cir. 1994).

Furthermore, if an applicant has failed to develop the factual basis of a claim in state court proceedings, the district court shall not hold an evidentiary hearing on the claim unless the applicant shows that the claim relies on a new rule of constitutional law or a factual predicate that could not have been previously discovered through the exercise of due diligence. 28 U.S.C. § 2254(e)(2)(A); See Chandler v. McDonough, 471 F.3d 1360, 1362 (11th Cir. 2006). In addition, the facts underlying the claim must be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2254(e)(2)(B).

The district court's findings of fact are reviewed under the clearly erroneous standard. Cunningham v. Zant, 928 F.2d 1006, 1011 (11th Cir. 1991). Mixed questions of law and fact are reviewed de novo, as are questions of law. Jacobs v.

4

Singletary, 952 F.2d 1282, 1288 (11th Cir. 1992).

The Sixth Amendment provides that a criminal defendant shall have the right to "the assistance of counsel for his defense." To make a successful claim of ineffective assistance of counsel, a defendant must show that: (1) his counsel's performance was deficient; and, (2) that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). In determining whether counsel gave adequate assistance, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690, 104 S.Ct. at 2066. Counsel's performance is deficient only if it falls below the wide range of competence demanded of attorneys in criminal cases. Id. at 688, 104 S.Ct. at 2065. To make such a showing, a defendant must demonstrate that "no competent counsel would have taken the action that his counsel did take." United States v. Freixas, 332 F.3d 1314, 1319-20 (11th Cir. 2003) (quotation omitted).

To establish prejudice, the defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694, 104 S. Ct. 2068. "The cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." Rogers v. Zant, 13 F.3d 384, 386

5

(11th Cir. 1994). Unless the petitioner can rebut the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," he cannot show that counsel's performance was constitutionally deficient. Strickland, 466 U.S. at 689, 104 S.Ct. at 2065. "The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial." White v. Singletary, 972 F.2d 1218, 1220 (11th Cir. 1992). An attorney is not ineffective for failing to raise a nonmeritorious issue. United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992).

A defendant claiming ineffective assistance of counsel in the context of a guilty plea must show not only that counsel committed professional error, but also a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 58-59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). We have held that "counsel owes a lesser duty to a client who pleads guilty than to one who decides to go to trial, and in the former case counsel need only provide his client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between accepting the prosecution's offer and

6

going to trial." Wofford v. Wainwright, 748 F.2d 1505, 1508 (11th Cir. 1984). "To impart such an understanding to the accused, counsel must, after making an independent examination of the facts, circumstances, pleadings and laws involved, offer his informed opinion as to the best course to be followed in protecting the interests of his client." Id. "The rule that a plea must be intelligently made to be valid does not require that a plea be vulnerable to attack if the defendant did not correctly assess every relevant factor entering into his decision." Id. at 1509.

Upon review of the record and consideration of the parties' briefs, we discern no reversible error. As discussed below, we affirm because Brown has not alleged any facts or presented any evidence to show that either prong of § 2254(d) is met, or to rebut the presumption of correctness we must afford the state court finding that his claims were conclusively refuted by the record. See 28 U.S.C. § 2254(e)(1).

In this case, the record shows that the state court, in denying Brown's Rule 3.850 motion, did address his ineffective assistance of counsel claim, and that the resulting decision was not contrary to, or involved an unreasonable application of, clearly established federal law. Here, the state court cited to and properly applied the two prong test set forth in Strickland v. Washington, namely, whether Brown's counsel's performance was deficient by failing to fully advise him of the nature of

7

the charges and his potential defenses, and, whether the alleged deficient performance prejudiced Brown's defense. See id. at 687, 104 S.Ct. at 2064.

The state court reasonably found, and the record demonstrates, that Brown's counsel's performance was not so deficient as to render his plea involuntary. The judge advised Brown during the plea colloquy of the nature of the charges and the maximum sentence he could face if convicted for the offense of solicitation to commit first-degree murder. The judge also advised Brown that he was charged with the offense of solicitation to commit first degree murder, stated the factual basis for the charged offense, and warned that the offense carried a maximum sentence of 30 years in state prison. Brown's counsel explained that he had prepared a diagram for Brown's benefit to ensure that he understood the rights he was waiving, which included the rights to any defenses. Brown believed that he had enough time to talk to his counsel, and he was satisfied with counsel's services. Thereafter, Brown responded that he wanted to enter a plea of no contest, and he indicated that he understood the charge and the possible sentence.

In addition, except for Brown's three proposed "defenses," no other traditional defenses to guilt, such as an alibi, mistaken identification, or coercion, have been raised. Brown's assertion that he lacked the specific intent to commit the offense of conviction because he said "kill[] or made into a vegetable" does not

8

constitute a defense because, with murder being solicited in the disjunctive, the statutory element was still satisfied. (emphasis added). Neither does his assertion that defense counsel failed to advised him that he committed a lesser included offense, since that is essentially an admission as to another crime. Furthermore, the state had significant evidence of Brown's guilt when he entered a plea of guilty, and, therefore, his claim that he did not solicit another to commit first degree murder is clearly refuted by the evidence.

Moreover, the record satisfies the requirement that defense counsel needed only to provide Brown with an understanding of the law in relation to the facts, so that he could make an informed and conscious choice between accepting the prosecution's offer and going to trial. See Wofford, 748 F.2d at 1508. Thus, whether Brown's counsel failed to advise Brown of the proposed defenses does not demonstrate that defense counsel's performance was deficient. Neither does Brown show that but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. See Hill, 474 U.S. at 58-59, 106 S.Ct. at 370.

With respect to Brown's contention that the district court erred by not granting him an evidentiary hearing, because he failed to show that his claim relies on a new rule of constitutional law or a factual predicate that could not have been previously discovered through the exercise of due diligence, and the facts

underlying his claim would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found him guilty of the underlying offense, he cannot fit within the exceptions to § 2254(e)(2).  See Chandler, 471 F.3d at 1362-1363.  In addition, Brown has not specified what evidence, if any, he might have, or that he exercised any due diligence in developing a factual basis for his claim.

In sum, it is not evident that the state court's adjudication of this claim was contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court, or that the state court's decision was based on an unreasonable determination of the facts.  See  28 U.S.C. § 2254.  Accordingly, we affirm.

**AFFIRMED.**