[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 20, 2007
THOMAS K. KAHN
CLERK

No. 06-16232
Non-Argument Calendar

_____

D. C. Docket No. 04-01452-CV-ORL-31-KRS

WILLIE LEE SLATER,

Petitioner-Appellant,

versus

SECRETARY FOR THE DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 20, 2007)

Before ANDERSON, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Through counsel, appellant Willie Lee Slater, a state prisoner, appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition. During Slater's state court post-conviction proceedings, the state court held an evidentiary hearing in which Slater proceeded *pro se* even though he asserted that he had retained counsel for the hearing, but his counsel had not received notice of the hearing. During the hearing, Slater questioned his former trial counsel, Barry Apfelbaum, in regards to his ineffective-assistance-of-counsel claims. Prior to ruling, the state court held an additional evidentiary hearing at which Slater was represented by counsel. We granted a COA on the following issue:

> Whether the district court erred when it failed to hold an evidentiary hearing on appellant's claims that trial counsel was ineffective for failing to properly investigate or interview a potential alibi witness and for convincing appellant not to testify on his own behalf.

On appeal, Slater argues that he is entitled to an evidentiary hearing in the district court to remedy the state court's denial of counsel and to develop an adequate record to resolve his ineffective-assistance-of-counsel claims.

We review a district court's decision to grant or deny an evidentiary hearing for abuse of discretion. *McNair v. Campbell*, 416 F.3d 1291, 1297 (11th Cir. 2005), *cert. denied*, 547 U.S. 1073, 126 S. Ct. 1828 (2006). After the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the applicable federal habeas statute provides that:

2

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--(A) the claim relies on--(i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2). The provisions of §§ 2254(e)(2)(A) and (B) apply only where a petitioner contributes "to the absence of a full and fair adjudication in state court" by failing to develop a claim's factual basis. *Williams v. Taylor*, 529 U.S. 420, 437, 120 S. Ct. 1479, 1491, 146 L. Ed. 2d 435 (2002). We have interpreted a "failure to develop" as the petitioner's lack of diligence in presenting the factual bases of his habeas claims in state court or in seeking the opportunity to develop evidence in a state hearing. *Breedlove v. Moore*, 279 F.3d 952, 959-60 (11th Cir. 2002). An evidentiary hearing, therefore, is not barred where the failure to develop the factual basis is attributable to the state court's refusal to provide any hearing. *Id.* at 960. Even where a federal evidentiary hearing is not barred by a failure to develop the facts, "it would still be appropriate to deny [a diligent petitioner] an evidentiary hearing if such a hearing would not assist in the resolution of his claim." *Id.* at 960. Additionally, to be entitled to an evidentiary hearing on a

claim, the petitioner must proffer additional evidence that, if true, would entitle him to relief. *Chandler v. McDonough*, 471 F.3d 1360, 1362-63 (11th Cir. 2006), *cert. denied*, 127 S. Ct. 2269 (2007).

After reviewing the record and reading the parties' briefs, we conclude that the district court did not err in applying a presumption of correctness to the state court's factual findings because Slater, in fact, received a full and fair hearing. Slater's claim that he did not receive a full and fair hearing is belied by the fact that the state court conducted a second evidentiary hearing in which counsel represented Slater, and Slater was given an opportunity to take further testimony from Apfelbaum. In fact, Slater's counsel further developed the factual basis by re-calling Slater and presenting two additional witnesses even though he elected to rely on the transcript of Apfelbaum's testimony. Thus, any defect caused by the absence of retained counsel and the requirement that Slater proceed *pro se* at the first hearing was corrected when the state court held a second evidentiary hearing at which counsel represented Slater. *See Quince v. Crosby*, 360 F.3d 1259, 1262 (11th Cir. 2004). Accordingly, we affirm the district court's judgment denying Slater's 28 U.S.C. § 2254 habeas petition.

**AFFIRMED.**