Oba Chandler, a prisoner under three death sentences and an active death warrant, has appealed the denial of his successive motion for postconviction relief filed under Florida Rule of Civil Procedure 3.851. We have jurisdiction. See art. V, § 3(b)(1), Fla. Const. On October 10, 2011, Governor Rick Scott signed a death warrant for Chandler and scheduled Chandler’s execution for November 15, 2011. Chandler, through appointed counsel, filed a successive postconviction motion in the circuit court in and for Pinellas County seeking to vacate his sentences of death. He contended that a new penalty phase *268 should be ordered because Florida’s death penalty scheme is unconstitutional under the principles set forth in Ring v. Arizona, 586 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002). In Ring, the United States Supreme Court applied the holding in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) — that any fact other than a prior conviction that increases the maximum possible sentence must be found by a jury — to capital cases.
Chandler did not seek an evidentiary hearing and raised purely legal issues below. After hearing legal argument of counsel at the case management conference, and after considering the motion, the State’s response, and Chandler’s memorandum of law, the circuit court entered its order on October 24, 2011, denying successive postconviction relief and denying a stay of execution. The circuit court also entered an order appointing appellate counsel to represent Chandler on appeal and notice of appeal was timely filed on October 24, 2011. Chandler has also moved this Court for a stay of execution. We affirm the order of the circuit court denying Chandler’s motion for successive postconviction relief and we deny his motion for a stay of execution.
On September 29, 1994, Oba Chandler was convicted of the 1989 first-degree murders of Joan Rogers and her two daughters, Michelle and Christe, whose bodies were found floating in Tampa Bay on June 4, 1989. Chandler was sentenced to death for each of the murders after a penalty phase proceeding in which the jury unanimously recommended death. On direct appeal, we affirmed his convictions and death sentences in Chandler v. State, 702 So.2d 186, 201 (Fla.1997). In June 1998, Chandler filed his initial postconviction motion under Florida Rule of Criminal Procedure 3.850, and in May 2000, he filed an amended motion asserting seven claims of ineffective assistance of trial counsel. We affirmed denial of his initial postcon-viction motion in Chandler v. State, 848 So.2d 1031, 1046 (Fla.2003). Chandler subsequently filed a petition for writ of habeas corpus in the federal district court raising claims of ineffective assistance of trial counsel, which was denied. Chandler v. Crosby, 454 F.Supp.2d 1137, 1185 (M.D.Fla.2006). Chandler obtained review in the Eleventh Circuit Court of Appeals and relief was again denied. Chandler v. McDonough, 471 F.3d 1360, 1363 (11th Cir.2006).
After Chandler’s death warrant was signed in the instant case on October 10, 2011, we issued an order providing that any further postconviction proceedings should be expeditiously filed in the circuit court. Chandler then filed a successive motion for postconviction relief in the circuit court contending that he is entitled to a new penalty phase proceeding based on Ring. The circuit court entered its order on October 24, 2011, denying Chandler’s successive motion to vacate his death sentences. The court correctly found that the successive motion is procedurally barred under Florida Rule of Criminal Procedure 3.851(d)(2) because it does not allege newly discovered evidence nor does it contend that there is a fundamental constitutional right that would apply retroactively in this case, and does not argue that Chandler’s counsel failed, through neglect, to file a proper motion. The circuit court also correctly concluded that Chandler’s Ring claim was barred because the United States Supreme Court and this Court have held that Ring is not retroactive to convictions and sentences that were final on direct review. See Schriro v. Summerlin, 542 U.S. 348, 358, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004); Johnson v. State, 904 So.2d 400, 412 (Fla.2005). Chandler’s convictions and three death sentences were affirmed by this Court in Chandler v. *269 State, 702 So.2d 186, 201 (Fla.1997), and the mandate was issued. The United States Supreme Court then denied certiorari review in Chandler v. Florida, 523 U.S. 1083, 118 S.Ct. 1535, 140 L.Ed.2d 685 (1998). Thus, Ring does not apply retroactively to Chandler’s sentences.
In addition, the circuit court also correctly ruled that Ring does not apply to Chandler’s sentences because he had several prior violent felony convictions that served as aggravators, and prior convictions are exceptions to the requirements of Ring. Further, Chandler was convicted of three contemporaneous murders by the same jury that unanimously recommended he receive the death penalty. See Frances v. State, 970 So.2d 806, 822-23 (Fla.2007) (rejecting application of Ring when the death sentence was supported by the prior violent felony aggravating circumstance based on contemporaneous convictions for murder).
Accordingly, the order of the circuit court is hereby affirmed. No motion for rehearing will be entertained by this Court.
CANADY, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and PERRY, JJ., concur.