FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

No. 1D19-1920
_____

MATTHEW JAMES HALL,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Escambia County.
Jeffrey Burns, Judge.

September 9, 2021

NORDBY, J.

Matthew James Hall challenges his judgment and sentence for trafficking in heroin and argues the trial court should have granted his motion for judgment of acquittal based on entrapment. According to Hall, law enforcement used a confidential informant and the lure of a large sum of money to entrap him. In the State's view, there was no entrapment—this was an everyday, run-of-the-mill arranged drug buy. Because the trial court properly denied Hall's motion for judgment of acquittal and allowed the jury to resolve the entrapment issue, we affirm.

We begin with Hall's argument that law enforcement objectively entrapped him. Hall did not argue a theory of objective entrapment below, so this claim is unpreserved for our review. *See*

*Smith v. State*, 139 So. 3d 839, 844 (Fla. 2014) ("[W]hen a defendant does not raise in the trial court the same grounds for granting the motion argued on appeal, the claim is not preserved for appeal.").

Hall next argues the trial court should have granted his request for a judgment of acquittal based on subjective entrapment. We disagree. In the face of conflicting evidence, the trial properly denied Hall's motion and allowed the jury, as the trier of fact, to consider and resolve the entrapment issue.

The defense of subjective entrapment, as codified at section 777.201, Florida Statutes, requires a defendant prove "by a preponderance of the evidence that his or her criminal conduct occurred as a result of an entrapment." § 777.201(2), Fla. Stat. (2018). Unlike objective entrapment and its focus on law enforcement's conduct, subjective entrapment "focuses on inducement of the accused based on an apparent lack of predisposition to commit the offense." *Davis v. State*, 937 So. 2d 300, 302 (Fla. 4th DCA 2006).

A subjective entrapment defense under 777.201 involves three questions. *Munoz v. State*, 629 So. 2d 90, 99 (Fla. 1993). First, whether an agent of the government induced the defendant to commit the offense charged. *Id.* Second, if the defendant carries his burden on the first question, he must then establish that he was not predisposed to commit the offense. *Id.* If the defendant establishes the lack of predisposition, the burden shifts to the prosecution to rebut this evidence beyond a reasonable doubt. *Id.* The third and final question is whether the entrapment evaluation should go to the jury as the trier of fact. *Id.* at 100.

On this third inquiry, section 777.201 expressly directs that the trier of fact decide the entrapment issue. § 777.201(2), Fla. Stat. And this makes sense because the first two inquiries mentioned above—inducement and predisposition—usually will turn on factually disputed issues. But where "the factual circumstances of a case are not in dispute," a trial court may resolve the entrapment issue as a matter of law. *Munoz*, 629 So. 2d at 100. When facts are in dispute, however, or "reasonable

2

persons could draw different conclusions from the facts," the entrapment question must go to the jury. *Id.*

Hall contends the trial court should have granted his motion for judgment of acquittal because there was no evidence he had any predisposition to traffic in heroin. Hall testified he was a heroin user and addict, not a dealer. He was unemployed and looking to make some money. He had never possessed more than a small amount of heroin for personal use, and he had only prior misdemeanor convictions. Highlighting this evidence, Hall makes a reasonable argument that his actions stemmed solely from the significant financial inducement offered by the government's confidential informant.

But this ignores other evidence that could lead a reasonable person to arrive at a different conclusion. Although Hall declined the confidential informant's initial request to sell an ounce of heroin, upon being contacted a second time, Hall said he would try to get the requested amount. By the third contact, Hall and the informant discussed arranging a meeting place, and Hall worked with his regular heroin supplier to obtain the requested amount. The State also showed a videorecording of the arranged buy. In it, Hall sits in a car with the confidential informant and an undercover investigator as they wait for the supplier to arrive with the heroin. After mentioning he has a friend in Alabama who is selling heroin for $50 a "point"—one-tenth of a gram—Hall complains that "I can't even do $30, $35 around here." This comment, along with others, conveyed an understanding of the terminology and other basics of the heroin trade. At minimum, this evidence conflicted with Hall's assertion that he had never sold heroin and could lead a reasonable person to infer that Hall did have a predisposition to commit trafficking.

Because "reasonable persons could draw different conclusions" as to whether the government subjectively entrapped Hall, the trial court properly denied Hall's motion for judgment of acquittal. We affirm Hall's judgment and sentence.

AFFIRMED.

ROBERTS and TANENBAUM, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____


Jessica J. Yeary, Public Defender, Laurel Cornell Niles, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, Heather Flanagan Ross Assistant Attorney General, Tallahassee, for Appellee.